UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V. COLEMAN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID R. BRAND, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:23-cv-06135-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 26) |

On May 3, 2024, Secretary Christine Wormuth filed a motion to dismiss (Dkt. No. 26), to which Plaintiff Charles Coleman failed to respond. On June 17, 2024, the Court issued an order directing Plaintiff to show cause as to why the action should not be dismissed no later than July 5, 2024. (Dkt. No. 29.) Plaintiff did not respond.

A party's failure to timely oppose a motion to dismiss "may be considered . . . as an admission that the motion has merit." LCR 7(b)(2); *see also Rendon v. County of Orange*, 2022 WL 16832810, at *1 (9th Cir. Nov. 9, 2022) ("A district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court rules and orders is well-established"). Prior to granting a motion to dismiss on this basis, however, "the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic

sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (internal citation and quotation omitted).

"There is a significant public interest in the speedy and efficient resolution of litigation and 'delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process.'" *Hewitt v. Wells Fargo Bank*, 2022 WL 17144728, at *2 (W.D. Wash. Nov. 22, 2022) (quoting *In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)).  Moreover, the Court's limited resources "are best spent on cases with a strong chance of resulting in relief," and Plaintiff's failure to respond to the motion to dismiss and order to show cause indicates "a lack of belief in [the] merits" of this case.  *Solorio v. Garland*, 2021 WL 5967939, at *1 (W.D. Wash. Dec. 1, 2021).  As such, the first two factors favor dismissal.  The third factor also favors dismissal, as unreasonable delay is presumed prejudicial.  *Hewitt*, 2022 WL 17144728, at *2.  And finally, the fifth factor favors dismissal as the Court is unaware of a less drastic sanction given that Plaintiff appears to no longer be prosecuting this action.

Finding four of the five *Ghazali* factors warrant dismissal, the Court GRANTS the motion to dismiss.  (Dkt. No. 26.)  This action is DISMISSED without prejudice.

Dated this 8th day of July 2024.

David G. Estudillo
United States District Judge